UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL L.,

              Plaintiff,

    v.                                        1:23-CV-315
                                             (GTS/DJS)

MARTIN O'MALLEY, COMMISSIONER
OF SOCIAL SECURITY,

              Defendant.
_____

**APPEARANCES:**                            **OF COUNSEL:**

THE DEHAAN LAW FIRM P.C          JOHN W. DEHAAN, ESQ.
Attorney for Plaintiff
300 Rabro Drive East - Suite 101
Hauppauge, New York 11788

U.S. SOCIAL SECURITY ADMIN.     GEOFFREY M. PETERS, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking review of a decision made by the Commissioner of Social Security that Plaintiff is not disabled. Dkt. No. 8. Currently before the Court are Plaintiff's and Defendant's respective Motions for

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

Judgment on the Pleadings. Dkt. Nos. 11, 14, & 15. For the reasons that follow, it is recommended that Plaintiff's Motion be granted, and Defendant's Motion be denied.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1965 and has previous work experience as a furniture salesperson, sign installer, and press operator. Dkt. No. 8, Admin. Tr. ("Tr."), pp. 41, 43-46, 53-56, 183, 186. Plaintiff alleges disability from a back and right shoulder condition. Tr. at pp. 61-64. Plaintiff applied for disability benefits and supplemental security income, alleging a disability onset date of February 16, 2021. Tr. at pp. 11, 186. Plaintiff's initial application, filed on June 19, 2021, was denied on February 16, 2022, and on April 15, 2022, upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at p. 11. Plaintiff appeared and testified at a hearing before ALJ Kieran McCormack on August 15, 2022. Tr. at pp. 34-80. On August 30, 2022, ALJ McCormack published a written decision finding that Plaintiff was not disabled under the Social Security Act. Tr. at pp. 8-19. On January 31, 2023, the Appeals Council denied Plaintiff's request for review, thereby making ALJ McCormack's decision final. Tr. at pp. 1-4.

### B. The ALJ's Decision

In his decision, ALJ McCormack found that Plaintiff met the insured status requirement of the Social Security Act through September 30, 2022. Tr. at p. 13. Second, ALJ McCormack found that Plaintiff has not engaged in any substantial gainful activity

following the alleged disability onset date. Tr. at p. 14. The ALJ specifically found that although Plaintiff engaged in work-related activity following the alleged onset date, the earnings from this activity were insufficient to be considered substantial gainful activity. Tr. at p. 14. Third, the ALJ determined that Plaintiff has the following severe impairment: degenerative disc disease of the lumbar spine. Tr. at pp. 14-15. Fourth, ALJ McCormack found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at p. 15. Furthermore, the ALJ concluded that the Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b). Tr. at pp. 15-18. ALJ McCormack found that Plaintiff can perform past relevant work as a Furniture Salesperson and that this work does not involve the performance of work-related activities precluded by Plaintiff's RFC. Tr. at p. 18. Finally, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. Tr. at. p. 19.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla,"

and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considered the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an induvial is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 141-142 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges that ALJ McCormack's finding of Plaintiff's right shoulder impairment as non-severe was improper and not supported by substantial evidence. Dkt. No. 11, Pl's Mem. of Law at pp. 25-26. Plaintiff further alleges that the Appeals Council committed reversible error through its failure to consider new and material evidence that "fundamentally undermines and invalidates the ALJ's rationale". Pl.'s Mem. of Law at pp. 20-24. Finally, Plaintiff argues that the ALJ insufficiently explained his RFC determination thereby making the determination improper. Pl.'s Mem. of Law at pp. 26-32. In response, Defendant argues that substantial evidence supports the ALJ's finding of non-severity regarding Plaintiff's right shoulder impairment and that the Appeals Council properly denied review of the claim. Def.'s Mem. of Law at pp. 10-12, 15-18. Lastly, Defendant also asserts that substantial evidence supports ALJ McCormack's light RFC finding. *Id.* at pp. 6-10, 13-15

### A. ALJ's Finding of Non-Severity

Generally, "an impairment or combination of impairments is not severe if it does not significantly limit [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §404.1522(a). Basic work activities have been typically defined as "abilities and aptitudes necessary to do most jobs…examples of [which] include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or

5

handling." 20 C.F.R. §404.1522(b)(1).  A finding of non-severity is not supported by substantial evidence when the "evidence on which the determination is made is inconsistent with evidence that [the plaintiff's impairment] significantly impaired [plaintiff's] ability to do basic work activities." *Parker-Grose v. Astrue*, 462 F. App'x 16, 17-18 (2d Cir. 2012).

Here, there is substantial evidence to support a non-severity finding for Plaintiff's right shoulder injury. Plaintiff failed to seek continuous treatment for the alleged right shoulder impairment, and the absence of evidence of ongoing treatment for an alleged severe impairment can serve as the basis for a non-severity finding. *See Pulos v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 352, 359-360 (W.D.N.Y. 2018).  The record indicates that in July 2022, Plaintiff was treated for a *new* complaint of pain and discomfort in the right shoulder.  Tr. at p. 389.  The July 2022 medical report goes on to describe that the only other time Plaintiff sought out medical treatment for the right shoulder impairment was in March 2019 upon which Plaintiff declined to pursue further treatment.  Tr. at pp. 214, 389.  There are no other recorded instances of treatment for the right shoulder impairment and the record for the years 2020 and 2021 is fully devoid of any reported right shoulder pain or treatment.  Tr. at pp. 282-290. Evidence of Plaintiff's failure to seek continuous treatment for the alleged right shoulder impairment is sufficient to be considered substantial evidence in support of the ALJ's findings.

### B. Denial of Review by Appeals Council

"The Appeals Council is obligated to consider 'new and material evidence.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (citing 20 C.F.R. §

404.970(b)). "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Id.* (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "'The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'" *Id.* (quoting *Pollard v. Halter*, 377 F.3d at 193) (alteration in original).

Newly submitted "[m]edical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004). "However, evidence that does not provide additional information about the claimant's functioning during the relevant time period, but instead relates to his or her functioning at some later point in time, need not be considered by the Appeals Council." *David C v. Comm'r of Soc. Sec.*, 659 F. Supp 3d. 354, 362 (W.D.N.Y. 2023). Furthermore, "the Appeals Council is not required to consider evidence that is cumulative of existing evidence in the record." *Id.*

Here, the October 2022 surgical report submitted by Plaintiff cannot be considered "new" for the purposes of review by the Appeals Council. While the October 2022 surgical report is relevant to Plaintiff's condition during the time period in which benefits were denied, the newly submitted evidence is cumulative of existing evidence already present in the record. Mainly, the surgical report outlined the overall impressions of the surgeon on the presence of certain conditions found in Plaintiff's right shoulder. Tr. at pp. 24-26. The findings present in the October 2022 surgical report confirm what was already discussed at length in both Plaintiff's treatment notes and medical history, both

of which were reviewed by the ALJ. Tr. at pp. 13-18, 389-391. Therefore, the newly submitted evidence while relevant, is entirely cumulative, allowing the Appeals Council to deny review.

Furthermore, the October 2022 surgical report was immaterial in that it lacked any probative value in being able to reasonably influence the Commissioner's decision differently. The ALJ's decision specifically references treatment notes where Dr. Stewart outlined the potential for surgery as a result of Plaintiff's symptoms. Tr. at pp. 14, 390-91. The ALJ in his decision also relied on hearing testimony where Plaintiff testified to conversations regarding a procedure for Plaintiff's right shoulder injuries. Tr. at p. 72. The submission of the surgical report provided no new information that the ALJ was not already aware of when making his severity determination. Accordingly, the addition of the October 2022 surgical report would likely not have influenced the ALJ. The cumulative and immaterial nature of the newly submitted evidence meant that the Appeals Council denial of review was proper, and that remand on this ground is not necessary.

### C. ALJ's RFC Evaluation

The final issue for the Court to consider is the propriety of the RFC.

The ALJ is required to make an RFC determination that "consider[s] a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis". *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009). In order to adequately assess a claimant's RFC, "an ALJ must therefore assess plaintiff's exertional capabilities, addressing [their] ability to sit, stand, walk, lift, carry, push and pull." 20 C.F.R.

8

§404.1545(b). Accordingly, "[t]he RFC determination must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). The completed RFC determination must also "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion to enable a meaningful review." *Pamela P. v. Saul*, 2020 WL 2561106 at *84 (N.D.N.Y. 2020).

The ALJ's decision notes a general lack of medical evidence in the record and states that "the State agency consultants were unable to assess the claimant's functional capacity or determination of disability due to insufficient evidence." Tr. at p. 17. The ALJ specifically stated that the "record does not contain any medical opinions or other opinion…regarding the claimant's functional limitations or abilities to perform work-related tasks…." *Id.* Despite the lack of medical opinions, ALJ McCormack assessed that Plaintiff was capable of engaging in light work. Tr. at pp. 16-17. The absence of a dispositive medical opinion does not automatically disqualify the ALJ's RFC determination, as "an ALJ may formulate an RFC absent any medical opinions." *Ronald S. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 155092 at *29 (W.D.N.Y. 2022). However, while the RFC determination is not required to correspond to a medical opinion, the ALJ must still weigh and synthesize all evidence available to craft an RFC that is consistent with the record as a whole. *See Richardson v. Perales,* 402 U.S. 389, 399 (1971). Furthermore, "while in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations

from a medical source." *Richardson v. Comm'r of Soc. Sec.*, 339 F. Supp. 3d 107, 117 (W.D.N.Y. 2018).

Upon review, it is the Court's conclusion that the ALJ failed to adequately explain how he weighed all evidence available to him. No logical connection can be formed between any specific evidence and the ALJ's ultimate finding of light work due to the decision's lack of specific explanation detailing support for the ultimate finding. The Court is unable to glean the ALJ's reasoning for the decision in its current form. Accordingly, "[r]emand is appropriate where an ALJ fails to cite to specific evidence supporting an RFC finding and thus fails to support his opinion with substantial evidence. *Angel L.G. v. O'Malley*, 2024 U.S. Dist. LEXIS 52043 at *3 (N.D.N.Y. 2024);

Moreover, the "ALJ must specify the functions that a plaintiff is capable of performing and may not simply make conclusory statements regarding a plaintiff's capacities." *Roat v. Barnhart*, 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010). ALJ McCormack stated that Plaintiff was capable of engaging in a full range of light work but failed to describe with any specificity the nature and limitations of this determination in light of the medical source evidence. Tr. at pp. 17-18. Instead, the ALJ provided a review of Plaintiff's medical history before making wide-ranging, conclusory statements in order to support the light work finding. Tr. at 16-18. The failure of the ALJ to specify the functions Plaintiff is able of performing and failure to adequately acknowledge any supporting evidence in support of the determination all constitute plain error that require remand. *See Michael A. v. Comm'r of Soc. Sec.*, 2023 U.S. Dist. LEXIS 6798 at *4 (W.D.N.Y. Jan. 13, 2023) (finding that plain error occurred where the ALJ's RFC

determination was largely a recitation of medical facts and findings stated without explanation, followed by conclusory statements about the claimant's RFC limitations).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that the matter be remanded pursuant to sentence four of section 405(g); and it is

**ORDERED,** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 &

6(a).

Dated: April 24, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge