UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. L.,

                Plaintiff,

v.                                       1:23-CV-0315
                                              (GTS/DJS)
MARTIN J. O'MALLEY, Commissioner
of Social Security,

                Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

THE DEHAAN LAW FIRM, P.C.            JOHN W. DEHAAN, ESQ.
 Counsel for Plaintiff
300 Rabro Drive, Suite 101
Hauppauge, New York 11788

SOCIAL SECURITY ADMINISTRATION     GEOFFREY M. PETERS, ESQ.
 Counsel for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Michael J. L. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report-Recommendation of United States Magistrate Judge Daniel J. Stewart recommending that Plaintiff's motion for judgment on the pleadings be granted, the Commissioner's motion for judgment on the pleadings be denied and the matter be remanded pursuant to sentence four of Section 405(g), (2) the Commissioner's objections to the

Report-Recommendation, and (3) Plaintiff's response to the Commissioner's objections.  (Dkt. Nos. 16, 17, 20.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

I.       RELEVANT BACKGROUND

      A.       **Magistrate Judge Stewart's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Stewart determined that the ALJ's decision finding Plaintiff not disabled and capable of performing a full range of light work is not supported by substantial evidence in the record and requires remand.  More specifically, Magistrate Judge Stewart concluded that the ALJ's failure to properly assess Plaintiff's functional abilities in accordance with the regulations and failure to support his findings with record evidence constitutes plain error which requires remand.  (Dkt. No. 16 at III.)

      B.       **The Commissioner's Objection to the Report-Recommendation**

Generally, in his Objections to the Report-Recommendation (Dkt. No. 17), the Commissioner asserts that the ALJ's RFC finding is supported by substantial evidence.

First, the Commissioner argues that Magistrate Judge Stewart erred by finding there was no logical connection between the evidence cited by the ALJ and the ALJ's finding of an ability to perform a full range of light work.  More specifically, the Commissioner argues that the ALJ properly addressed Plaintiff's functional abilities by first citing to 20 CFR 404.1567(b), which specifies the functional requirements for light work, and then assessed Plaintiff's physical and mental functioning in conjunction with the citation (finding that Plaintiff presented with full strength and normal gait and generally normal cognitive assessment with stable neurological functioning) to determine that Plaintiff has the capacity to perform a full range of light work.  In

sum, the Commissioner argues that although the record is short on objective medical evidence, the evidence cited by the ALJ is sufficient to establish an RFC finding for light work, as evidence shows Petitioner has received only limited medical and conservative (non-opioid) pain treatment for his back condition. (*Id.* at Argument.)

Finally, the Commissioner asserts that an absence of opinion evidence in the record does not automatically disqualify an ALJ from making an RFC finding, and that the Second Circuit has repeatedly affirmed cases where an ALJ was able to properly assess an RFC finding without a medical opinion in the record. In short, because the ALJ cited evidence showing Plaintiff has full strength, normal neurological functioning, and only required conservative treatment, the ALJ's finding of light work should be upheld. (*Id.*)

      C.     **Plaintiff's Response to the Commissioner's Objections**

Generally, in his Response to the Commissioner's Objections (Dkt. No. 20), Plaintiff asserts that Magistrate Judge Stewart's decision to remand this matter should be upheld based on the ALJ's failure to properly support his RFC finding.

More specifically, Plaintiff argues that the ALJ's RFC finding that Plaintiff capable of performing a full range of light work is erroneous because (a) the ALJ failed to provide a function-by-function assessment in violation of agency regulations, (b) contrary to the Commissioner's argument, the ALJ's brief citation to 20 CFR 404.1567(b)does not relieve him of the duty to provide a functional assessment, and (c) the ALJ's finding that Plaintiff is capable of performing his past relevant work as a furniture salesman is problematic given that the requirements for this occupation in the Selected Characteristics of Occupations include "frequent

3

reaching and handling" and the ALJ failed to assess Plaintiff's ability to perform those non-exertional functions.  (*Id*. at I.)

In addition, Plaintiff argues that the ALJ's determination should be rejected on the grounds that the Commissioner's objections are merely an attempt to justify the ALJ's findings and a reviewing court must not accept such *post hoc* rationalizations.  (*Id.* at II.)

## II.    APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made."  28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).  Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's

report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

**III.   ANALYSIS**

After carefully reviewing the relevant findings in this action, including Magistrate Judge Stewart's thorough Report-Recommendation and the Commissioner's Objections thereto, the Court finds no basis for rendering a contrary conclusion than that in the Report-Recommendation; Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  The Court would add the following points.

First, the Commissioner's argument that the ALJ satisfied his duty to conduct an assessment of the specific functions Plaintiff was able to perform when concluding that Plaintiff remained able to perform light work is misplaced.  Although it is true that the regulation cited by the ALJ related to light work specifies that light work involves lifting no more than 20 pounds at a time and frequent lifting or carrying up to 10 pounds, and that other agency authority further defines the specific exertional functions of light work, such fact does not remedy the error identified in the Report-Recommendation, which is that the ALJ did not explain how the evidence supported that Plaintiff was able to perform those functions inherent in the definition of light work.  (Dkt. No. 16, at 9-11.)  Thus, the Commissioner's objection on this point does not address the finding made by Magistrate Judge Stewart.

Second, the Commissioner asserts that the ALJ's discussion of various physical examination findings in the sparse treatment records was sufficient to explain the finding that Plaintiff could perform a full range of light work but that argument is unpersuasive. Specifically, as Magistrate Judge Stewart recognized, the ALJ's mere reference to a few physical findings and conservative treatment does nothing to create a logical bridge between those findings and the conclusion that Plaintiff was capable of performing a full range of light work specifically.

After discussing the relevant treatment evidence, the ALJ made the following explanation:

> Thus, although the claimant has continued to report some pain and loss of mobility in the lumbar spine, the clinical evidence shows that he has no neurological deficits in the lower extremities, with normal gait. The records reflect generally conservative pain management treatment since the alleged onset date. The totality of these foregoing examinations, with reflect some pain and loss of lumbar motion, but also a normal gait[,] full strength, along with conservative treatment since [the] alleged onset date reflects a capacity [for] light work since the alleged onset date.

(Administrative Transcript ["T."] at 17.) Notably, the ALJ does not explain why this combination of physical symptoms (or lack thereof) and treatment equates with an ability to perform a full range of light work. Indeed, the ALJ offers nothing but his own speculation that abnormal signs such as restricted and painful range of motion and palpable tenderness around the lumbar spine signify an ability to perform the full range of light work. Moreover, although conservative treatment may be a proper consideration for determining the extent of a plaintiff's pain or limitations, the ALJ failed to explain why Plaintiff's treatment in this instance supports a finding of *light work* specifically. Lastly, to the extent that the ALJ relied on the MRI findings from 2020 and 2021 that showed mild-to-moderate degenerative changes at various levels of the

6

lumbar spine to conclude a capacity to perform light work, an ALJ is not permitted to interpret raw medical data into functional terms. *See Marie R. v. Comm'r of Soc. Sec.*, 21-CV-0775, 2022 WL 2180989, at *21 (N.D.N.Y. June 14, 2022) (Hummel, M.J.) ([T]he ALJ cannot interpret raw medical data."); *Raymond M. v. Comm'r of Soc. Sec.*, 19-CV-1313, 2021 WL 706645, at *11 (N.D.N.Y. Feb. 22, 2021) (Baxter, M.J.) ("In other words, an ALJ's ability to make inferences about the functional limitation caused by an impairment does not extend beyond that of an ordinary layperson. While an ALJ may render common sense judgments about functional capacity, she must avoid the temptation to play doctor."); *Hazelwood v. Comm'r of Soc. Sec.*, 12-CV-0798, 2013 WL 4039419, at *5 (N.D.N.Y. Aug. 6, 2013) (Hurd, J.) ("The ALJ is not qualified to assess a plaintiff's RFC on the basis of bare medical findings, and where the medical findings in the record merely diagnose a plaintiff's impairments and do not relate those diagnoses to a specific RFC, an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."). Although the MRI findings may perhaps be properly used by the ALJ to show consistency with other evidence, in the absence of any tangible explanation as to how the other evidence supports a finding of a full range of light work, those MRI findings cannot themselves provide the basis for the ALJ's conclusion.

      The RFC finding is "administrative in nature, not medical, and its determination is within the province of the ALJ," but the ALJ still must sufficiently explain the basis for that determination. *See Jones v. Comm'r of Soc. Sec.*, 22-CV-10571, 2024 WL 916345, at *6 (S.D.N.Y. Mar. 4, 2024) (quoting *Curry v. Comm'r of Soc. Sec.*, 855 Fed. App'x 46, n.3 [2d Cir. 2021]). In this case, the ALJ has done little more than state that the medical findings support an ability to perform a full range of light work without providing any logical explanation as to why

7

that is. Such "because I said so" rationale is simply not enough to allow the Court to find that the ALJ's conclusion is supported by substantial evidence.

This lack of a specific and clear explanation regarding why the medical findings support the ALJ's conclusion is especially problematic where, as here, there is no opinion regarding Plaintiff's functional abilities from any medical source. Although the Commissioner is correct that an ALJ need not rely on a medical opinion in every case when formulating the RFC finding, such principle depends on the ALJ otherwise building a logical bridge between the available medical evidence and his or her conclusion; he has not done so here. Notably, the cases cited by the Commissioner to support his contention that the signs observed in the medical evidence are consistent with a finding of light work both involved situations where the ALJs also had medical opinion evidence to guide and explain their determinations and are therefore not instructive for the situation presented here. *See Wright v. Berryhill*, 687 Fed. App'x 45, 48 (2d Cir. 2017); *Jose R. v. Kijakazi*, 20-CV-0918, 2021 WL 5826375, at *5 (N.D.N.Y. Dec. 8, 2021) (D'Agostino, J.).

For the above reasons, the Court finds no clear error in Magistrate Judge Stewart's findings, and no basis for rendering a contrary finding on the relevant issue even on *de novo* review related to the Commissioner's objection. The Report-Recommendation is therefore adopted in its entirety and this matter is remanded to the Commissioner for further administrative proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report and Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. Nos. 11, 15) is **GRANTED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: August 9, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge